**Barbara SCHWARZ, Plaintiff,**

v.

**FEDERAL BUREAU OF INVESTIGATION, Defendant.**

**Civil Action No. 1:98–CV–47.**

United States District Court, N.D. West Virginia.

Aug. 7, 1998.

---

Barbara Schwarz, Salt Lake City, UT, pro se.

William D. Wilmoth, United States Attorney, Helen Campbell Altmeyer, Assistant United States Attorney, Wheeling, WV, Rebecca A. Betts, United States Attorney, Charleston, WV, for United States of America.

## MEMORANDUM OPINION AND ORDER

KEELEY, District Judge.

Currently before the Court is the defendant's Motion to Dismiss, filed on June 22, 1998. After careful consideration of the de-

fendant's arguments and the plaintiff's response, the Court **GRANTS** the Motion to Dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I. FACTS

The plaintiff, Barbara Schwarz, proceeding *pro se*, sued the defendant, Federal Bureau of Investigation ("FBI") to compel disclosure of records she requested from the Criminal Justice Information Services Division ("CJIS") in Clarksburg, West Virginia.

The plaintiff made several written requests to the FBI, CJIS Division, pursuant to the Freedom of Information/Privacy Act ("FOIA/PA"), 5 U.S.C. § 552, for records pertaining to herself and Mark C. Rathbun. The FBI denied the plaintiff's requests on the grounds that, first, the release of Mark C. Rathbun's record to the plaintiff, without a waiver from Mr. Rathbun, would violate the Privacy Act, 5 U.S.C. § 552(b)(7)(C), and, second, that the plaintiff failed to submit legible fingerprints in order to obtain her own identification record. The FBI notified the plaintiff of her right to appeal this decision to the Attorney General, which she did by letter, dated March 2, 1998. The Office of Information and Privacy of the Department of Justice considered the plaintiff's appeal and affirmed the decisions of the FBI by letter, dated April 28, 1998 on the grounds that, under the Privacy Act, the plaintiff is not entitled to Rathbun's records, and that the plaintiff has not fulfilled the fingerprint requirement.

## II. DISCUSSION

Pursuant to Title 28 of the Code of Federal Regulations §§ 16.30–16.33, an individual is entitled to obtain his or her identification record, also referred to as a "rap sheet," from the FBI. In order to obtain an identification record, an individual must establish positive proof of identity through submission of name, date of birth, and a set of rolled-inked fingerprint impressions. 28 C.F.R. § 16.32. Without such proof, the FBI is unable to process a FOIA/PA request. In addition, pursuant to 5 U.S.C. § 552(b)(7)(c), a FOIA request for the records of a third

party may not be granted absent a waiver by the party whose record is being requested as the release of those records could constitute an invasion of personal privacy.

As a general rule under FOIA case law, a plaintiff must exhaust administrative remedies prior to seeking judicial review. *Spannaus v. U.S. Department of Justice*, 824 F.2d 52 (D.C.Cir.1987). When a FOIA plaintiff attempts to obtain judicial review without first undertaking administrative exhaustion, the lawsuit may be dismissed for lack of subject matter jurisdiction. *See*, e.g., *Dettmann v. U.S. Department of Justice*, 802 F.2d 1472 (D.C.Cir.1986). Furthermore, as stated in *Dettmann*, "a plaintiff may have exhausted administrative remedies with respect to one aspect of a FOIA request—and thus properly seek judicial review regarding that request—and yet not have exhausted her remedies with respect to another aspect of a FOIA request." *Id.* at 1477.

In this case, the Court finds that the plaintiff has failed to exhaust administrative remedies with regard to her request of FBI records pertaining to herself. The CJIS did not withhold plaintiff's records after considering her request. On the contrary, the plaintiff submitted an imperfect request because she failed to submit a legible set of "rolled-inked" fingerprints for CJIS to obtain a positive identification. The FBI instructed the plaintiff how to perfect her request. However, she failed to do so. Therefore, CJIS was unable to even consider the plaintiff's request. Accordingly, under these circumstances, the plaintiff has failed to exhausted administrative remedies. Thus, dismissal of the plaintiff's request for her identification record is warranted pursuant to Rule 12(b)(1) as the Court lacks subject-matter jurisdiction.

The Court finds, however, that the plaintiff has exhausted administrative remedies with regard to her request for records pertaining to Mark C. Rathbun. Both the FBI and the Department of Justice properly denied the plaintiff's request for records concerning Mark C. Rathbun on the grounds that this would violate the Privacy Act, 5 U.S.C. § 552(b)(7)(c). Accordingly, the

Court affirms the decision to deny the plaintiff's FOIA request for Mark C. Rathbun's records. This aspect of the plaintiff's complaint is dismissed under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

### III.  *CONCLUSION*

For the foregoing reasons, the Court **GRANTS** the defendant's Motion to Dismiss. The plaintiff's complaint is **DISMISSED** with prejudice.

It is so **ORDERED.**

The Clerk is directed to mail a certified copy of this Memorandum Opinion and Order, certified mail, return receipt requested, to the *pro se* plaintiff and to transmit copies of this Memorandum Opinion and Order to counsel of record.